UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREPARTNERS, LLC, et al.,

    Plaintiffs,

v.

PAT LASHAWAY, Director of Residential Care Services for the Washington State Department of Social and Health Services, et al.,

    Defendants.

CASE NO. C05-1104JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion for a more definite statement under Fed. R. Civ. P. 12(e) (Dkt. # 5). Neither party has requested oral argument, and the court has reviewed the motion together with all documents filed in support and in opposition. For the reasons stated below, the court GRANTS Defendants' motion.

## II. BACKGROUND

On July 11, 2003, the Washington Department of Social and Health Services ("DSHS") summarily suspended the operating license for Alderwood Assisted Living ("Alderwood"). Plaintiffs Joseph and Laura KilKelly own and operate Alderwood under their umbrella company, CarePartners, LLC ("CarePartners"). The DSHS suspension

ORDER – 1

required Plaintiffs to remove Alderwood's 55 residents from the facility within three days.

On June 17, 2005, Plaintiffs filed this action. They alleged that the Defendants, ten DSHS officers, are liable under 42 U.S.C. § 1983 ("Section 1983") for violating Plaintiffs' procedural and substantive due process rights and their rights under the First Amendment. Plaintiffs also stated a cause of action for tortious interference with their business relationships.

In the instant motion, Defendants announce their intent to assert a defense of qualified immunity. They claim that Plaintiffs' complaint is insufficiently detailed to permit them to assert this defense in advance of discovery, and thus seek a more definite statement under Fed. R. Civ. P. 12(e) ("Rule 12(e)").

### III.  ANALYSIS

**A.   Defendants Have a Limited Opportunity to Assert Qualified Immunity Before Discovery Begins.**

Section 1983 creates a remedy for individuals against persons who violate their constitutional rights while acting under color of state law. 42 U.S.C. § 1983. Defendants faced with a § 1983 claim may assert a qualified immunity defense. Procunier v. Navarette, 434 U.S. 555, 561-3 (1978) (discussing the availability of qualified immunity generally).

Qualified immunity is not merely a defense to liability under Section 1983, it is an "entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsythe, 472 U.S. 511, 526 (1985)). Accordingly, trial courts must resolve immunity questions at the earliest possible stage of litigation in order to protect defendants from potentially unnecessary and burdensome discovery proceedings. Harlow v. Fitzgerald, 457 U.S. 800, 817-8 (1982); Kwai Fun Wong v. U.S., 373 F.3d 952, 956-7 (9th Cir. 2004) ("[G]overnment officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the

ORDER – 2

complaint, to protect against the burdens of discovery . . ."). In a typical civil rights case, the district court first decides on a motion to dismiss whether the facts alleged, assumed to be true, yield the conclusion that defendant is entitled to immunity. Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963 (9th Cir. 2004) (citing Fed. R. Civ. P. 12(b)(6)). If the defendant is entitled to immunity, the court permits no further discovery and dismisses the case. Id. at 964. If, however, a plaintiff passes this initial hurdle, he or she is entitled to enough discovery to permit the court to rule on a defendant's subsequent summary judgment motion. Id. (internal citations omitted).

Without sufficient factual allegations from which to determine the scope of the constitutional rights at stake, it is impossible for a defendant or court to address the qualified immunity defense. Saucier, 533 U.S. at 200 ("[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged . . ."). A civil rights plaintiff, however, need only satisfy the "short and plain statement" requirement under Fed. R. Civ. P. 8(a)(2). Gomez v. Toledo, 446 U.S. 635, 639-40 (1980) (holding that a plaintiff's complaint need not contain additional allegations in anticipation of the immunity defense). Thus, in order to address the immunity question at the earliest possible stage of litigation, a trial court has broad discretion to grant a Rule 12(e) motion as a tool to gain greater specificity as to plaintiff's factual allegations that establish improper motive on the part of the defendant-officials. Crawford-El v. Britton, 523 U.S. 574, 597-8 (1998).

**B.    Defendants May Seek Greater Specificity as to Plaintiffs' Constitutional Claims.**

The court grants Defendants' motion for a more definite statement to resolve the qualified immunity questions at the earliest possible stage of this litigation. The court does not require Plaintiffs to file an amended complaint; rather, Defendants may propound, within ten (10) days of this order, no more than ten (10) contention interrogatories. Defendants may seek more specific allegations as to the constitutional

ORDER – 3

claims; Defendants may not, however, seek an evidentiary basis for the allegations. Moreover, the interrogatories may not relate to defenses other than qualified immunity, such as res judicata, collateral estoppel, or the <u>Rooker-Feldman</u> doctrine, also cited in Defendants' motion. Defendants shall serve Plaintiffs with the interrogatories within 10 days of this order. Plaintiffs shall serve Defendants with the answers and objections, if any, within 30 days of service. Fed. R. Civ. P. 33. The court stays discovery as to the constitutional claims until further notice.[1]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion for a more definite statement (Dkt. # 5), which Defendants may obtain through contention interrogatories.

Dated this 23rd day of September, 2005.

JAMES L. ROBART
United States District Judge

---

[1] The court does not stay discovery as to the tortious interference claim as Defendants cite no authority, and the court is aware of none, that supports staying discovery on a tort claim.

ORDER – 4