UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREPARTNERS, LLC, et al,

        Plaintiffs,

vs.

PAT LASHWAY, et al,

        Defendants.

NO. C05-1104RSL

ORDER DENYING MOTION TO AMEND

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion to Amend Complaint" (Dkt. #119). Plaintiffs seek to amend their complaint to add two new constitutional claims. For the reasons discussed below, plaintiffs' motion to amend is denied.

## II. PROCEDURAL BACKGROUND

Plaintiffs first filed their complaint on June 17, 2005 (Dkt. #1). This complaint contained no mention of either a vagueness or an equal protection claim. On September 23, 2005, the Court permitted defendants to propound contention interrogatories that would enable them to determine the precise scope of the constitutional rights at issue. See Dkt. #9. In doing so, the Court specifically noted the importance of resolving "immunity questions at the earliest possible stage of litigation in order to protect defendants from potentially unnecessary and burdensome discovery proceedings." Id.

Plaintiffs responded to these contention interrogatories on February 3, 2006. In response to the question of what specific constitutional violations were being alleged, plaintiffs answered

ORDER DENYING MOTION TO AMEND -1

as follows:

> With respect to each plaintiff, please note that the federally protected rights are all rights referenced within plaintiff's compliant, inclusive of plaintiff's Fourteenth Amendment right to procedural due process prior to the deprivation of his property interest in the license to operate Alderwood Assisted Living; the First Amendment rights to freedom of speech and petition; and rights relative to substantive due process, which generally speaking and discussed below, is predicated on the notion that the government cannot engage in arbitrary capricious and intentionally abusive conduct.

Declaration of Michael E. Tardif (Dkt. #41) at p. 7.  Based on those responses, defendants filed a motion for summary judgment to resolve questions of qualified immunity.  It was only in response to defendants' motion that plaintiffs first raised claims of vagueness and equal protection violations.  Given plaintiffs' failure to include such allegations in their interrogatory responses and their failure to make any effort to amend their complaint or supplement their previous interrogatory responses, the Court refused to consider plaintiffs' new claims in its summary judgment order.  See Order at pp. 17-18 (Dkt. #116).  More than a year after first responding to defendants' contention interrogatories and more than two years after filing their complaint, plaintiffs now seek to amend their complaint to add these new constitutional claims.

### III. DISCUSSION

Pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."  There is, therefore, a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment."  Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Evaluating plaintiffs' request under the factors identified in Kaplan, the Court denies plaintiffs' motion to amend.  First, defendants' proposed amendment is unjustifiably late.  Plaintiffs offer only one reason for their failure to include these new allegations in either their original complaint or interrogatory responses and that is that it was simply an oversight in legal research.  See Memorandum at p. 6 n. 2.  While such an argument may be persuasive in other contexts, the failure to add new constitutional claims to a complaint prior to the Court's resolution of qualified immunity issues cannot be justified by a claim of ignorance.  Plaintiffs

ORDER DENYING MOTION TO AMEND -2

have been involved in litigation surrounding these claims since July 2003.  They had more than four months to respond to the contention interrogatories and an additional five months after that to either amend their complaint or supplement their interrogatory responses prior to defendants' completion of extensive summary judgment briefing on qualified immunity issues.  They did neither.  Though there is no evidence to indicate that plaintiffs' delay was the result of bad faith, it does appear that plaintiffs failed to make a good faith effort to adequately investigate all their potential constitutional claims prior to responding to defendants' contention interrogatories.

"Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).  Absent an additional finding of prejudice to the defendants, bad faith by plaintiffs, or futility, the strong policy in favor of amendment militates against such a denial.  Id. (citing Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973)).  The Court finds that permitting plaintiffs to add new claims at this point in the litigation would be unduly prejudicial.  Qualified immunity is not merely a defense to liability under Section 1983, it is an "entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsythe, 472 U.S. 511, 526 (1985)).  Permitting plaintiffs to withhold critical claims until after defendants' expended considerable time and resources investigating and briefing qualified immunity issues would run contrary to defendants' rights to have such questions promptly resolved.  Amendment at this stage in the litigation would subject defendants to the burden of investigating, researching and litigating all new constitutional issues.  Avoiding such unnecessary burdens was the reason the Court required plaintiffs to clearly define all their constitutional claims at an early stage in the litigation. With no reasonable justification for imposing such prejudice, plaintiffs' motion to amend is denied.

ORDER DENYING MOTION TO AMEND -3

1

## IV.  CONCLUSION

2   For all of the foregoing reasons, plaintiffs' motion to amend is DENIED.

3

4   DATED this 23rd day of April, 2007.

5

6

7

8   Robert S. Lasnik
9   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER DENYING MOTION TO AMEND -4