FILED
APR 21 2011
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAREPARTNERS LLC, limited liability corporation under the Laws of the State of Washington doing business as Alderwood Assisted Living; et al., | No. 10-35589 |
| | D.C. No. 2:05-cv-01104-RSL |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| PAT LASHWAY, Director of Residential Care of Services for the Washington State Department of Social and Health Services (DSHS) in her individual capacity; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted April 13, 2011[**]
Seattle, Washington

Before: BEEZER, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

The underlying facts are known to the parties and were addressed in CarePartners, LLC v. Lashway, 545 F.3d 867, 872–74 (9th Cir. 2008). CarePartners Management LLC (CarePartners) and the other plaintiffs appeal the district court's grant of summary judgment for the defendants, all of whom are state employees being sued in their personal capacities for constitutional torts under 42 U.S.C. § 1983 and for a state law claim factually dependent on their First Amendment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

CarePartners operates boarding homes in Washington subject to state regulations. Prompted by state regulators wanting them to install fire sprinklers, CarePartners's owner, Joseph Kilkelly, began lobbying to obtain exemptions. These efforts failed, and CarePartners had to shut down a facility until it complied. CarePartners filed suit, arguing that state regulators retaliated against CarePartners in violation of the First Amendment. The district court found that Kilkelly's protected speech was not a substantial or motivating factor behind the regulatory enforcement, and granted summary judgment for the defendants.

Although our prior opinion noted that "CarePartners could potentially establish a prima facie case of retaliation [and deserved] the opportunity to conduct full discovery," id. at 884, discovery has demonstrated that the plaintiffs' case of retaliation was entirely speculative and based almost completely on a *post hoc ergo propter hoc* fallacy. There is no specific, admissible evidence in the voluminous record that the plaintiffs can cite to support their claims that *any* of the defendants sought to enforce the law on account of a retaliatory animus against Kilkelly or CarePartners.

To get past this deficiency, the plaintiffs argue that we should disregard the district court's evidentiary ruling excluding evidence that the regulators were aware of Kilkelly and his past encounters with them on hearsay grounds. The plaintiffs have three sentences in a footnote of their sixty-nine page brief arguing why these statements were not hearsay. We have previously held that "[t]he summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal." Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.4 (9th Cir. 1996). Nor is the argument persuasive. Even considered as adequately argued, plaintiffs have not shown why the evidence

3

was not inadmissible hearsay and not cognizable evidence sufficient to establish a genuine issue of material fact.

Our case law has clearly stated that "[a] plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence must be competent." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1028 (9th Cir. 2001). With nothing more than their conclusory and speculative allegations, there is not enough evidence to create a genuine issue of material fact, Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996), and nothing to indicate that Kilkelly's speech was a substantial or motivating factor in the defendants' regulatory decisions against CarePartners. CarePartners, 545 F.3d at 877.

Likewise, the district court properly dismissed the plaintiffs' state law claim for tortious interference. This claim largely depends on the plaintiffs' First Amendment retaliation claim. But there is no specific evidence in the record indicating that CarePartners or Kilkelly were improperly "singled out" as

Washington law requires, Westmark Development Corp. v. City of Burien, 166 P.3d 813, 824 (Wash. Ct. App. 2007).

Turning to the plaintiffs' procedural due process claim, we also agree with the district court. It is true that post-deprivation hearings are disfavored, but they are constitutional if the government interest is high enough and the risk of error is minimal. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 348–49 (1976); Brittain v. Hansen, 451 F.3d 982, 1002 (9th Cir. 2006). The risk of error in this case was minimal given the acknowledged facts that CarePartners's Alderwood facility had no sprinkler system and its second inspection showed that a very high percentage of its residents were semi- or non-ambulatory. The government interest of protecting the lives of elderly residents who are physically or mentally incapable of evacuating in case of a fire is obviously high and could justify a pre-deprivation suspension being placed on Alderwood's license. We also note that the plaintiffs' citation to Chalkboard, Inc. v. Brandt, 902 F.2d 1375 (9th Cir. 1990) is inapt, because, as the Washington courts have already concluded, the defendants' actions comported with Washington state law and regulations.

5

Finally, the district court's denial of the plaintiffs' motion for leave to amend was not an abuse of discretion. We agree with the district court's conclusions that there would be undue delay and prejudice to the defendants because the defendants had spent almost two years preparing their qualified immunity defenses. See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The district court's exercise of its discretion was especially appropriate here, because CarePartners had known about the facts giving rise to its amendments from the suit's inception. See Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).

There are no genuine issues of material fact as to either the plaintiffs' retaliation, due process, or tortious interference claims, so we need not reach the questions of whether any of the defendants were entitled to absolute or qualified immunity.

**AFFIRMED.**

6